# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRUCE CAMERON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-09-1181-HE |
| | ) | |
| DOBSON LLC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants Dobson Communications LLC ("Dobson") and AT&T Mobility LLC ("AT&T") have moved to dismiss *pro se* plaintiff Bruce Cameron's complaint. Defendants argue the claims here are duplicative of claims brought by Mr. Cameron against them in a separate action pending in this court, Case No. CIV-09-0435-HE.

Mr. Cameron and his wife Debra Cameron are former employees of Dobson and of AT&T, through its acquisition of Dobson in late 2007. Mr. and Mrs. Cameron originally filed a petition in state court seeking to recover damages for two alleged slip and fall injuries suffered by Mrs. Cameron while on the job. That petition also sought recovery from defendants for, among other things, (1) retaliation against both Mr. and Mrs. Cameron for the latter's workers' compensation action, (2) unfair labor practices, (3) unpaid wages, and (4) severance pay allegedly owed Mr. Cameron. In March 2009, Mrs. Cameron was dropped as a plaintiff in the action. Also at that time, the state court dismissed several of Mr. Cameron's claims. His retaliation, unpaid wages, and severance pay claims were dismissed for failure to state a claim upon which relief can be granted. His unfair labor practices claim was dismissed for lack of jurisdiction. That case — now Case No. CIV-09-0435-HE — was

removed to this court in April 2009.

Mr. Cameron filed this case in October, 2009, asserting claims for (1) unfair labor practices, (2) retaliation for his wife's pursuit of workers' compensation benefits, (3) unpaid wages, and (4) severance pay. These claims are duplicative of those asserted in Case No. CIV-09-0435, pleading the same general facts to support identical claims for relief.

The court has the authority to dismiss "repetitious litigation reasserting virtually identical causes of action." Williams v. Madden, Case No. 00-1130, 2001 WL 661086 at *1 n.1 (10th Cir. June 13, 2001); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2nd Cir. 2000). Under that authority, the defendants' motion is **GRANTED** and this case **DISMISSED**.[1]

In his response to the defendants' motion, Mr. Cameron suggested that his intention in filing the complaint at issue was to amend his complaint in the CIV-09-0435-HE action and to join the labor union Communications Workers of America as a party in that case. To the extent that was his intention — and there is no indication in the complaint that it was —

---

[1]*Mr. Cameron's unfair labor practices claim in the CIV-09-0435-HE action was originally dismissed in state court for lack of jurisdiction due to his failure to exhaust all administrative remedies. With his complaint here, Mr. Cameron submitted a letter from the National Labor Relations Board ("NLRB") instructing him on how to file a charge of unfair labor practices, but warning that charges based on practices occurring more than six months prior are time-barred. To the extent that Mr. Cameron argues that the NLRB letter somehow resolves the jurisdictional problem and renews those claims, the court concludes to the contrary. Judicial review of an unfair labor practices claim is unavailable until the NLRB has issued a "final order." 29 U.S.C. § 160(f). The NLRB's letter to Mr. Cameron explaining how to file a charge is clearly not a "final order" of the Board. And, even if a "final order" had been issued, jurisdiction to review an NLRB decision is vested exclusively in the federal courts of appeal, not in the district courts. Id.*

Mr. Cameron should file an appropriate motion in that case.

**IT IS SO ORDERED**.

Dated this 22nd day of January, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE